UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CLARKE,

          Plaintiff,

v.                                     CASE NO. 05-CV-60294-AA
                                     HON. JOHN CORBETT O'MEARA

LIEUTENANT MOORE,

          Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Tina Marie Clarke has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Huron Valley Complex in Ypsilanti, Michigan. This cause of action arose at Robert Scott Correctional Facility in Plymouth, Michigan where defendant Moore is a correctional official.

The complaint alleges that, on December 9, 2003, Plaintiff was speaking with a correctional official when defendant Moore burst into the room, called Plaintiff a criminal, and began to scream profane words at her. As Plaintiff prepared to leave the room, Defendant continued to scream at Plaintiff, and he charged at her in an intimidating manner. Plaintiff claims that she was shocked and "scared to death" by Defendant's verbal abuse, threatening behavior, and attempts to terrorize and degrade her. She seeks to prevent "this gross misuse of power" against other individuals in the future.

### II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous and fails to state a claim because the only injuries alleged are intimidation, threats, and verbal abuse. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. 1997e(e). "[A]llegations of verbal abuse, threats, or harassment by a guard to a prisoner are not cognizable under section 1983." *Banks v. Klapish*, 717 F. Supp. 520, 522 (W.D. Mich. 1989). "Although such allegations may support claims in a state court under the tort law of the state, they do not support a civil rights action cognizable in federal court." *Id*. Verbal abuse, harassment, and unprofessional conduct simply do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)), *cert. denied*, 543 U.S. 837 (2004).

Moreover, Plaintiff no longer is confined in the institution where defendant Moore works, and she is not subject to the conditions about which she complains. "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). And because Plaintiff lacks standing to assert the rights of other prisoners, *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989), she has no right to the injunctive relief she seeks.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law. Therefore, the complaint is DISMISSED as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: February 7, 2006